IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY L. VIOLA,

      Plaintiff,

vs.

      Case No.: 2:16-cv-1036
      JUDGE EDMUND A. SARGUS, JR.
      Magistrate Judge Jolson

DANIEL J. KASARIS,

      Defendant.

## ORDER

This matter is before the Court on Plaintiff Anthony Viola's *pro se* Motion for Relief from Judgment pursuant to Rule 60(B) of the Federal Rules of Civil Procedure. (Doc. 50). Defendant has filed a Response in Opposition (ECF No. 53) and Plaintiff has replied (ECF No. 54). For the reasons that follow, Plaintiff's Motion is **DENIED**.

This is Plaintiff's second motion for relief from judgment filed more than three years after final judgment was entered in this case. Plaintiff initiated this case on October 28, 2016, and the case was dismissed for failure to state a claim under the First Amendment or § 1983 because he failed to allege any state action. (*See* ECF Nos. 22 and 23).

Plaintiff is again seeking relief from judgment arguing that there has been newly discovered evidence that Defendant Daniel Kasaris presented materially false statements to the Court which were relied upon in adjudicating this matter. Plaintiff asserts that "Defendant Kasaris violated public records laws by using his Yahoo E Mail account with an official government signature." (ECF No. 50, Pl.'s Mot. at 3).

Defendant counters that Plaintiff's Motion is not timely. The Court agrees. Rule 60(c)(1) of the Federal Rules of Civil Procedure provides that to seek relief from judgment, the motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Here Plaintiff's current Motion was filed on August 7, 2020, more than three years after final judgment was entered in this case. This Court has already denied Plaintiff's prior Motion for Relief from Judgment (ECF No. 40) for this exact reason. (ECF No. 42). *See Kissner v. Haas*, No. 17-2015, 2018 U.S. App. LEXIS 35728, at *3 (6th Cir. Feb. 8, 2018) (holding that a motion under Rule 60(b), filed one year and five months after the district court's entry of judgment, was untimely). Even if Plaintiff's allegations that he just discovered this evidence are true, he is still well beyond the one-year limit under Rule 60(b)(2); and thus, he is time-barred from seeking relief regardless of when he "discovered" these documents. *See Eglinton v. Loyer (In re G.A.D., Inc.)*, 340 F.3d 331, 334 (6th Cir. 2003) ("Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment."). According, Plaintiff's Motion for Relief from Judgment is denied as it is time barred.

Even if Plaintiff's Motion was timely, his Motion still fails. Plaintiff has failed to provide any explanation that the newly discovered evidence would not have been discovered with reasonable diligence. Further, the Court does not find that there is anything in the evidence proffered by Plaintiff relevant to the underlying question of whether Defendant Kasaris was acting under color of law during the timeframe set forth in Plaintiff's Complaint.

Accordingly, Plaintiff's Second Motion for Relief from Judgment is **DENIED**.

The Clerk shall remove ECF No. 50 from the Court's pending motions list and this case shall remain closed.

**IT IS SO ORDERED.**

_s/_
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE